IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM MCNEAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MEGHAN HOERNER; PATRICIA M. WILD; ODED WEINSTOCK,<br><br>　　　　　Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-4247 (JBS-KMW)<br><br>**OPINION** |

APPEARANCES:

William McNeal, Plaintiff Pro Se
90047B/856221
3 West Industrial Blvd.
Bridgeton, NJ 08302

**SIMANDLE, Chief Judge:**

I. **INTRODUCTION**

　　Before the Court is Plaintiff William McNeal's ("Plaintiff"), submission of a civil rights complaint pursuant to 42 U.S.C. § 1983. Complaint, Docket Entry 1. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will be

dismissed on grounds of judicial immunity and for failure to state a claim.

## II. BACKGROUND

Plaintiff brings this civil rights action against prosecutor Meghan Hoerner, Judge Patricia Wild, and public defender Oded Weinstock. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

> Plaintiff's statement of claims reads in its entirety:
>
> I was sentence[d] outside of sentence guidelines which cause my constitutional civil rights to be violated under amendments of constitutional of Civil Rights Act. There was misconduct wrongdoing not for the truth but for there [sic] own reason of deliberately, wrongness reckless, disregard for the truth.

Complaint ¶ 6. He alleges Judge Wild "allowed [him] to received [sic] a sentence of 10y, over all due to crime and degree." *Id.* ¶ 4(c). He further claims "Judge and Prosecutor and [his] Public Defender should have sentenced [him] to a term of 5y. Serious Civil Rights violation." *Id.*

Plaintiff seeks relief in the form of $180,000,000 in damages. *Id.* ¶ 7. He requests the appointment of pro bono counsel. *Id.*

## III. STANDARD OF REVIEW

**A. Standards for a Sua Sponte Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from government employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x

3

allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Although *pro se* pleadings are liberally construed, plaintiffs "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Section 1983 Actions**

---

120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. ANALYSIS

Plaintiff seeks relief from defendants on the grounds that he received an excessive sentence. He alleges he received a ten-year sentence when he should have received a five-year sentence.

### A. Judicial Immunity

"It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v.*

*Waco*, 502 U.S. 9, 11 (1991)). "A judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of [her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). *See also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000) ("[I]mmunity will not be lost merely because the judge's action is 'unfair' or controversial."). As a judge of the New Jersey Superior Court, Judge Wild "is absolutely immune from liability for [her] judicial acts even if [her] exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359.

"[Judicial] immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* In determining whether an act qualifies as a "judicial act," courts look to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in [her] judicial capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12. Neither of these exceptions apply here. Sentencing is one of the most quintessential judicial acts, therefore Judge Wild is entitled to complete judicial immunity for all sentencing

decisions. The claims against Judge Wild must be dismissed with prejudice.

**B. Failure to State a Claim**

The claims against the prosecutor and public defender[2] must also be dismissed as Plaintiff has failed to sufficiently allege that they had personal involvement in imposing the allegedly excessive sentence. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (noting plaintiff must plead "more than a sheer possibility that a defendant has acted unlawfully"). Moreover, the complaint appears to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that before a § 1983 plaintiff may "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

---

[2] The Court also notes that Mr. Weinstock, Plaintiff's public defender, is not a "state actor" within the meaning of § 1983. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Ctny. v. Dodson*, 454 U.S. 312, 325 (1981). Thus, the claims against Mr. Weinstock are also being dismissed on the grounds that Plaintiff has not met the "under color of state law" element of § 1983.

issuance of a writ of habeas corpus[.]" *Id.* at 486-87; *see also Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 346 (3d Cir. 2015) ("'[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element.'" (alteration in original) (quoting *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009))).

Plaintiff claims his sentence violates his constitutional rights. Success in this proceeding would therefore necessarily imply the sentence's invalidity. Therefore, Plaintiff may not proceed with his claim for monetary damages unless and until the sentence is vacated on appeal or in a habeas proceeding or by some other means. The complaint is therefore dismissed without prejudice until such time that Plaintiff is able to meet this requirement. Only if his sentence is set aside through post-conviction relief in the Superior Court may Plaintiff seek ti refile this case against the Defendant prosecutor.[3] As the complaint is being dismissed, his request for pro bono counsel is denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (requiring claim to have "some merit in fact and law" before appointing pro bono counsel).

---

[3] Any such claim against Judge Wild would remain barred by judicial immunity, and any such claim against the public defender would remain barred under § 1983 because the public defender is not a "state actor," as explained above.

**V. CONCLUSION**

For the reasons stated above, Plaintiff's complaint is dismissed on grounds of judicial immunity as to Judge Wild, and for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), as to public defender Odel Weinstock (with prejudice), and as to prosecutor Meghan Hoerner (without prejudice). Whether prosecutor Hoerner is also entitled to prosecutorial immunity is not decided at this time.

| | |
|---|---|
| **April 17, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |